By the Court, Beardsley, J.
A duty of six cents per bushel is payable to the state on all salt manufactured within its limits, and tolls are collectable for its transportation on the canals. The state, therefore, is directly interested in extending the market of this article, as the quantity manufactured will thereby be increased, and the state receive a corresponding benefit in duties and tolls.
It is manifest, however, that this benefit to the state does not stand on the same ground in both these respects. The duties paid by the manufacturer are little short of an absolute gratuity to the state; but the tolls are a real compensation for the use of the public property. They are, in effect, but a reasonable return for the injury done to the canals, and for the capital used in their construction. Hence the state may, without sustaining any actual injury, remit the duty, or refund it in the shape of a bounty; but to deal in the same way with the tolls, would be an actual loss to the state, so far as the canals were injured in transporting salt toll free. Keeping this idea in mind, may aid us in explaining the act upon which the present question arises. *399 The act was passed on the 18th of April, 1843. {Laws of ’43, p. 242.) It offers a bounty upon salt manufactured in this state, as follows, viz. 1st. Upon each bushel delivered at West Troy or Albany, or at the junction of the Brie and Champlain canals, seven cents and six mills : 2d. Upon each bushel delivered at Lafayette, upon the Wabash and Erie canal, in Indiana, five cents: 3d. Upon each bushel delivered at Newark or Portsmouth, on the Ohio canal, or Beaver, on the Ohio river, five cents: 4th. Upon each bushel delivered at Owego, Elmira,-Dansville or Binghampton, and carried thence and delivered at any point on navigable waters in the state of Pennsylvania, four cents: 5th. Upon each bushel which has arrived at Buffalo by way of the Erie canal, and is shipped from that place and delivered at any point beyond the limits of this state, two cents: 6th, Upon each bushel shipped from Oswego, to any point beyond the limits of the state, four mills. {Id. § 1.)
The object of the act, as expressed in its title, is to increase the revenues of the state; and this is to be accomplished by extending the market for salt. To meet the augmented demand arising from the extension of the market, a greater quantity must be manufactured, and thus the revenue is increased by the additional duties received from the manufacturer. Something may also be gained by the state in an increase of canal tolls; but as these are not greatly above the rate of a fair compensation for the use of the public property, the inducement for an extension of the salt market, by a remission of tolls, or the payment of a bounty in lieu of such remission, is comparatively small.
The act provides for a bounty of seven cents and six mills per bushel upon salt delivered either at the junction of the Erie and Champlain canals, or at West Troy or Albany. This exceeds the duty paid by the manufacturer, but is a good deal short of the duty and canal tolls combined. After payment of the bounty, the state may still have retained enough to compensate for the actual injury done to the canals in the transportation, so that no positive loss will have been sustained.
From the junction of the Erie and Champlain canals, salt *400 must find an extensive market at the north, and in the whole country bordering on Lake Champlain; and from West Troy and Albany it would readily pass upon the waters of the Hudson for the supply of the river counties. But in these regions it would come in competition with the foreign article, and hence the necessity of encouraging its transportation eastward by the high bounty of seven cents and six mills per bushel. The market sought to be secured being important, and the obstacles to be. overcome formidable, the legislature deemed it wise to proportion the means to the end.
At the south and west; the danger of foreign competition would be less, and therefore for salt delivered “ on navigable waters in the state of Pennsylvania,” a lower bounty is given. The same remark is applicable to salt delivered at Lafayette, Newark, Portsmouth or Beaver; but as these are more important markets than any which can be reached on the navigable waters in Pennsylvania, the trade with them is encouraged by a higher bounty.
So far the interpretation of the act is free from difficulty. But it is insisted that under its provisions, the same salt may, in certain cases, be entitled to a double bounty; and this is the particular point to be décided on the present application.
It is urged that salt, arriving at Buffalo by way of the Erie canal, and thence shipped to, and actually delivered at, some point beyond the limits of this state, is entitled to a bounty of two cents on each bushel. This must be conceded. But it is also urged that the same salt, by being taken from the place where it was so delivered, and transported to Lafayette, Newark, Portsmouth or Beaver, becomes entitled to a further bounty of five cents per bushel. If this be correct, the same principle must apply to salt shipped at Oswego, and which ultimately reaches one of the designated points in the west.
But in my opinion the act will not bear this construction. It declares that “ a bounty”—and only one bounty, as I understand its provisions—“ shall be paid upon salt manufactured in this state.” (§ 1.) Then follows a specification of certain points at which the salt must be delivered, and which are im *401 portant as affording extensive markets for the article, but so remote from the places of manufacture as not to be available without the aid of a direct bounty or some other equivalent advantage. These specified points are particularly provided for by the act, and salt delivered at either is entitled to the liberal bounty prescribed. None of them, however, is on Lake Erie, or on either of the lakes above; for as to the towns on these waters, no such encouragement is needed. The expense of transportation on the lakes is comparatively small, and the bounty allowed is in the same proportion. Thus, upon salt passing through the Erie canal to Buffalo, and thence to any point out of‘this state, except those particularly designated, the bounty allowed is two cents per bushel: whereas, had the same salt been shipped from Oswego, to any place beyond the limits of the state, with the exceptions before mentioned, the- bounty would be but four mills on each bushel. The act having in this manner provided for these different rates of. bounty, follows out the idea that one bounty, and no more, is allowable on the same salt, by declaring that “ the bounty upon salt as above specified shall be paid by the superintendent of the Onondaga salt springs;” (§ 3 ;) and the comptroller is required to “make the necessary rules and prescribe the proper evidence to carry into effect the provisions of this act.” (§ 4.)
I think it quite clear, upon the words, the policy and spirit of the act, that cumulative bounties were not contemplated and are not authorized by its provisions. It gives a higher bounty upon salt delivered at particular and important points, however it may have been conveyed to these places; and it allows a lower bounty for salt sent out of the state by the way of the Erie canal and Buffalo, and by the way of Oswego.
It would hardly be contended by any one, I presume, that successive bounties should be paid on the same salt delivered in the first instance at Newark or Portsmouth, and thence sent) as it might be, to Lafayette; and yet, if they can be allowed in any case under this act, the argument would be as cogent in the case stated as it can be in. the present one.
*402 I am. persuaded, the legislature intended to allow hut a. single bounty on the same salt, and the motion for a mandamus should therefore be denied, with costs to be paid by the relator.
Ordered accordingly.